THOMAS S. BROWN v. ELIZA BELL.

*Wills—Exclusion of testimony—Inheritable interest—Personal representa tives—Testamentary provisions—Withdrawing motion to strike out— Issue not pleaded.*

1. How. Stat. § 7545 provides that in suits to which the heir, personal representative, etc., of a decedent is a party, the party adversely interested cannot testify as to matters known only to himself and the deceased. *Held,* that this only applies when the estate is in some sense one party and the heir, representative, etc., is the other; and that it will not exclude such testimony from the proponent of a will claiming under it, where the contestant is not within the terms of the statute as an heir, devisee or representative of the estate.

2. The interest of the heirs of an intestate is the estate remaining after payment of debts.

3. The personal representative of a deceased person is his executor or administrator, whose interest, while it lasts, is the amount of the assets of the estate; for these he is responsible until the debts are paid or he is otherwise discharged by order of court.

4. A testator's disposition of his property has no bearing upon a contest of his will except as it tends to show whether or not he was sound of mind.

5. Where a motion to strike out testimony on being consented to by the other side, is withdrawn in order to save a ground of error, the appellate court will not feel bound to consider the objection made to it.

6. Where the contestant of a will does not allege undue influence in his pleadings, and submits his case upon the theories of mental incompetency and the defective execution of the will, there is no error in refusing requests to charge that suggest for the first time the theory of undue influence.

Error to Wayne.    (Chambers, J.)    June 10.—Sept. 29.

Appeal from disallowance of will.    Contestant brings error.    Affirmed.

*Walker & Walker* and *Atkinson & Atkinson* for appellant.

*A. F. Wilcox* for appellee.

SHERWOOD, J. On the 5th of April, 1857, Thomas Brown of Greenfield in the county of Wayne, made his last will, by the provisions of which he gave to his wife all his estate, both real and personal, for and during her life, with remainder after her death to his son, Thomas S. Brown, the proponent in this case, to whom he gave immediate possession of all the property.

The testator died on the 9th day of April, 1857, living but four days after the making of the will. He had been sick about eight months previous to his death, confined to his house during winter, and to his bed for about three weeks before his death, and died of consumption, aged about sixty years. At this time his property consisted of a farm of forty acres, with some personal property ; and his household, of his wife, his son, the proponent, and his wife, and a grandchild, being a child of a deceased daughter. A married daughter, Mrs. Fulton, lived in the immediate vicinity. These, with two other children of his deceased daughter, constituted his immediate circle of relatives. James Carroll, a young man sixteen years of age, also lived at the house and assisted in carrying on the farming. A few days before the will was made, a physician, an old acquaintance of the family, had been called, and it was ascertained, and the family understood, that there was no help for the testator and his death was but a question of a few days. Two daughters of Mrs. Fulton staid at his house that night to assist the family in taking care of the deceased. That night the deceased made the will offered for probate, and the two daughters and young Carroll were called into the testator's room and signed the will as witnesses thereto. The will was draughted at the request of the testator by his son the proponent, who with one of the granddaughters, one of the Fulton girls, now Mrs. Blackman, are the only persons surviving of all who were present at the execution of the will. After the will was made, signed and witnessed as above stated, it was handed to the widow of the testator, who, as appears, kept the same until she died in the spring of 1882. Soon thereafter proponent took the will to the probate office, for the purpose of

having it probated, in the county of Wayne. The probate was contested by a granddaughter, Eliza Bell, on the grounds that the testator was in such poor health and so far enfeebled both in mind and body as to be incapable of making the will offered for probate. The probate court denied the application. The proponent thereupon appealed to the circuit, where on a trial before a jury, the will was sustained, and contestant brings the case here on writ of error.

Proponent, contestant and Mrs. Blackman were all sworn in the case, and the principal question in this Court arises on the right of proponent to testify as to facts equally within the knowledge of the testator in his life-time. It was an important question, inasmuch as the only subscribing witness surviving at the time of the trial was pecuniarily interested in defeating the will. The counsel for proponent, when he had proponent upon the stand, proposed to prove by him that the testator made an agreement with him several years before his death, by which he (proponent) was to have all the property, and he was to take care of his parents as long as they lived, and the will, so far as it related to proponent, was only in accordance with the testator's agreement and often expressed wishes, and that proponent had fulfilled the agreement upon his part.

The statute under which this testimony is claimed to be incompetent reads as follows: "That when a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which, if true, must have been equally within the knowledge of such deceased person." How. Stat. §7545.

We do not think the statute quoted applies to this case. The contest is not between the estate, or the representative of the estate, and the proponent. The statute applies only when the estate is in some way one of the parties, and the heirs, assigns, devisees or legatees are the others. The interest of the heirs in an intestate estate is the amount thereof after the payment of the debts of the deceased. The repre-

sentative of a deceased person is his executor or administrator, and his interest, while it lasts, is the amount of the entire assets of the estate, and he is held responsible for them until he can show himself discharged by the payment of debts, or is relieved by the order or direction of the court.

The application for the probate of this will is made neither by an executor named in the will, nor by any one acting as the legal representative of the estate of the deceased. This contest is between two persons who claim an interest in the estate, and as to the estate proper are third persons and represent no one but themselves. In that regard they stand in no different situation from what they would had a creditor made application for the probate of the will. The only questions involved in this application are : Did the deceased in his life-time make this will, and was he of sound mind and memory at the time ? The disposition made of the property therein is of no consequence except as it may throw some light upon the fact whether he was of sound mind when he made it. The will does not increase or decrease the estate. The object of this statute is to prevent fraud and false swearing whereby estates become unjustly depleted in cases where no person on the part of the estate, except the deceased, has any knowledge of the facts necessary to sustain the claim in favor of the estate, or to make good the defense of the estate when unjust claims are attempted to be enforced against it, and we see no occasion for extending the scope of the statute by judicial construction. It is limited in its reason and spirit by fair construction to contests on litigation upon claims between other persons and the deceased, existing prior to his death ; to such suits and proceedings as the deceased would have been, if living, a necessary party to, and since which his heirs, devisees and legatees, personal representatives or assigns, are compelled to prosecute or defend for him in his place. The court committed no error in admitting the testimony objected to upon this subject, and referred to in the first and sixth assignments of error.

Dr. Glassier was permitted to give his testimony as an expert. It appears he was present at the trial and heard the

testimony of the witnesses as to the condition of the health of the testator during the last few weeks of his life (and there was no dispute in their testimony upon that subject). He was then asked the following question: "Taking that condition as testified by these witnesses as correct, what, in your opinion, would be the condition of his mind three or four days before he died, with reference to his testamentary capacity?" The objection to this question was incompetency and immateriality. The witness answered: "I should think he was sane." It is not probable that the jury were misled by the form of the answer, but after the answer was received, contestant's counsel asked that the answer be stricken out. To this motion counsel for proponent acceded, and asked the court to sustain the objection to the testimony. Counsel for contestant then withdrew his motion to strike out the testimony of the doctor relating to testamentary capacity, and told the court he preferred to allow it to stand under the objection taken at the time.

The ruling of the court on these two motions does not appear, but certainly, under the statements of counsel, the contestant is not in a situation to complain of error, if one was committed. Fairness to the court and the other side required the contestant to have allowed the objectionable testimony to be stricken out upon his own motion if he believed it to be of that character, and not have retained it for the purpose of review in this Court in case of failure in the contest at the circuit. Under the circumstances we must hold that the course pursued by contestant relieves us from the further consideration of this exception.

The third ground relied upon for a reversal at the circuit is that the court, as contestant alleges, refused to give the jury the following requests in the charge, viz.: (1) That, under the facts and circumstances attending the execution of this will, the fact that the will was drawn by the devisee himself is a strong element of suspicion and should cause the closest scrutiny. (2) That, under the facts attending the execution of this will, legal presumption arising from the fact that the will was drawn by Thomas S. Brown, the principal devisee

therein, is that it was executed under undue influence, and unless that presumption has been satisfactorily overcome by the evidence, the jury must and should find for the contestant.

In a case where undue influence is charged in procuring a will to be made, requests upon that subject would be entirely proper, and under a proper state of facts the substance of these requests might be given. No undue influence is alleged by the contestant in her pleadings, so far as the printed record shows, and the case seems to have been tried and finally submitted to the jury upon the theory, so far as contestant was concerned, that the will was not executed according to the statute, and that the testator was not of sound mind when he made it. The first intimation that undue influence was relied upon, or to be relied upon, appears in these requests to charge; but such influence is not relied upon in contestant's pleadings, and nothing more upon the proofs is claimed than a suspicion, which is clearly dispelled by the undisputed facts in the case. We do not think the omission of or refusal to give the charges requested in the case presents any ground of error.

We have examined this record carefully and have been unable to discover any error therein. The trial seems to have been a fair one, and the rulings and charge of Judge Chambers unexceptionable, and

The judgment must be affirmed.

COOLEY, C. J. and CAMPBELL, J. concurred.