88 650
95 421
96 407
88 650
99 202
88 650
113 404
113 407
88 650
118 155
88 650
124 637
88 650
s50NW 657
s26ASR 316
133 591
88 650
135 462
88 650
140 190
140 588
88 650
145 567
88 650
e153 23
153 24

CHARLES SCHUFFERT v. CLARA GROTE.

*Deed—Delivery.*

A father executed a deed of three city lots to his son, and handed it to him, at the same time stating that he would not like to see the deed on record until after his death, to which the son assented, and handed the deed back to his father, who retained possession of the lots, on which were two houses, in one of which he lived, and rented the other, and collected the rents. The father subsequently destroyed the deed, and conveyed two of the lots to the son and the other to a foster granddaughter, who at his request had left an employment where she was earning fair wages, and come to his house, after the death of his wife, and taken care of him for two years, which care was continued until his death, a year and a half after the execution of the deed. And it is held that the first deed was not delivered, and conveyed no title to the son, and that the consideration for the deed to the granddaughter was ample, and the deed valid.

Appeal from Wayne. (Reilly, J.) Argued October 28, 1891. Decided December 21, 1891.

Bill to set aside a deed, and confirm the title to the land in complainant. Complainant appeals. Decree dismissing bill affirmed. The facts are stated in the opinion.

*E. S. Clarkson (John B. Whelan,* of counsel), for complainant.

*James H. Pound,* for defendant.

GRANT, J. The bill in this case is filed to set aside a deed of the land in controversy, executed by complainant's father to defendant, and to confirm the title in said land to himself.

His claim is that his father executed a deed to him May 1, 1888; that he gave it back to his father at the

same time, telling him to keep it as he did not desire to take actual possession of the property until after his father's death; that his father, on August 21, 1889, executed a deed of this same land to the defendant; that defendant knew of the former deed to complainant, and therefore cannot be considered a *bona fide* purchaser.

Defendant answers this claim by admitting that such a deed was drawn up to complainant, intended only as a testamentary disposition, subject to revocation, and not to take effect until after the father's death; that it was revoked and destroyed by his father,—was never delivered; that she purchased without notice, and for a valuable consideration.

The case was tried in open court, and a decree rendered dismissing the bill.

All the testimony of the complainant as to the execution of the deed and as to what took place between him and his father is excluded by the statute, because the facts testified to were equally in the knowledge of the deceased. The only competent evidence of the execution of the deed is that of those who were present aside from complainant. These were two who signed it as witnesses, and one of whom drew it. They testified that the deed was signed, acknowledged, witnessed, handed to complainant, and by him immediately handed back to his father. One of these did not know what was said at the time. The other testified that the father said that he—

"Calculated to deed that property to Charles, that his son Gus had had his share, so that there would be no trouble after he was dead; that the father said he would not like to see the deed go on record until after he was dead; and that Charles said that he need not be afraid the deed should go on record, and that he could keep it himself."

This is all the evidence showing a delivery of the deed.

The land consisted of three lots. There were two

houses upon them, in one of which the father lived, the other of which he rented, and collected the rents.

The object of a delivery is to indicate an intent on the part of the grantor to give effect to the instrument. It was clearly not the intention of the grantor in this case to convey to his son either possession or title until his death. *Thatcher v. St. Andrew's Church*, 37 Mich. 264; *Burnett v. Burnett*, 40 Id. 364. The fact that the grantor retained this deed, as well as the possession of the property, that he subsequently destroyed the deed and executed two others,—one to the defendant for one lot, and the other to the complainant for the other two,—and that he would not consent to the recording of the deed, is convincing proof that the deed was not delivered and conveyed no title to complainant.

The defendant was a foster grandchild of Mr. Schuffert, the father. At his request, after the death of his wife, defendant left an employment where she was earning fair wages, and came to his house to take care of him. This she did faithfully for three years and a half, and until his death. After two years of such service, Mr. Schuffert, in consideration of such services already rendered and to be rendered in the future, executed to her the deed in controversy. The consideration was ample, and the deed valid.

The decree is affirmed, with costs.

The other Justices concurred.