HOWARD B. LATOURETTE . V. CHARLES McKEON.

*Witnesses—Matters equally within knowledge of decedent—Gift— Consideration.*

1. On the trial of a suit upon a note assigned to the plaintiff by a daughter of the payee after his death, the daughter, who was a sister of the defendant, was permitted to testify that her father during his last illness gave her the note. And it is held that her testimony was not incompetent under 3 How. Stat. § 7545, which prohibits the "opposite party," including "the assignors or assignees of the claim," in a suit prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, from testifying at all to matters which, if true, must have been equally within the knowledge of the decedent.[1]

2. The fact that the donee of the note was a daughter of the donor, and the circumstances under which the note was given to her, supported the transfer, and it was unnecessary to show a further consideration.

Error to Livingston. (Person, J.)   Argued January 31, 1895.   Decided February 12, 1895.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Tinker & Frackelton,* for appellant.

*Luke S. Montague,* for plaintiff.

———————————————————————

[1] See note at end of opinion.

McGRATH, C. J. Defendant is sued as the maker of the following note:

"$200.			TYRONE, December the 2, 1889.

"One year from date, for value received, I promise to pay to John McKeon, or bearer, $200, with interest seven per cent.

"CHARLES McKEON."

On the back of said note is indorsed the following writing and signature:

"I hereby sell and assign the within note to H. B. Latourette; guarantee the same free from all equities and offsets; that nothing has ever been paid on note.

"Fenton, Oct. 21, '92.		MRS. D. HOGAN."

Defendant and Margaret Hogan are brother and sister, and son and daughter of John McKeon, who died February 2, 1890. Margaret Hogan testified that her father during his last illness gave her the note. It is urged that the testimony of Margaret Hogan was incompetent, under 3 How. Stat. § 7545. It appears by the record that the maker of this note was informed within one week after his father's death of the fact that his sister held and claimed to own this note. Administration had been had upon the estate of John McKeon, and the estate closed, before this suit was launched.

In *Hillman v. Schwenk*, 68 Mich. 293, Schwenk gave his note to one Weigers. Weigers died, and Hillman, claiming title by indorsement and delivery before Weigers' death, brought suit upon the note. The indorsement was not in the handwriting of decedent, but appended thereto was what was claimed to be his mark. At the instance of Wolff, a legatee under the Weigers will, Schwenk attacked the transfer, and it was urged that Hillman's testimony, offered in support of the transfer, was incompetent; but this Court held that the statute was inapplicable.

In *Hillman v. Schwenk*, 68 Mich. 297, 299, the same question was raised, and the Court say:

" While it was competent for the defendants to impeach the plaintiff's title in the note, and to agree upon that as the sole question in the case, such agreement would not bind the executor of the estate, as he was not a party to it, and did not take upon himself the burthen of the defense.

" The title of the testator's personal property vests in the executor for the purposes of administering the estate; and, if the note in question in reality does belong to the estate of John Weigers, the executor would not be bound by a judgment in this case in the plaintiff's favor. If the executor neglects his duty in collecting or obtaining possession of the assets of his testate, the law affords to the devisees and legatees a remedy, but the law does not permit a devisee or legatee to represent the estate in the prosecution or defense of suits.

" If the executor had indemnified the defendants, or had taken upon himself the defense of the suit, the statute excluding the plaintiff from testifying to matters which were equally within the knowledge of the deceased would have applied; but, as the legatee does not represent the deceased person while there is an executor, the statute does not apply."

The first-named case came before the Court again in 68 Mich. 301, when it appeared that the administrator of the estate of Weigers had assumed the defense of the suit, and the Court, holding that the testimony was incompetent, reversed the judgment, refusing to grant a new trial.

In *Jackson v. Cole*, 81 Mich. 440, suit was brought to recover the amount of a claim assigned to plaintiff by her husband in his lifetime, and it was there held that plaintiff was competent to testify as to the transfer.

In *Brown v. Bell*, 58 Mich. 58, the question arose as to the admissibility of the testimony of the proponent of a will, who was the principal devisee, respecting an agreement between himself and decedent, antedating the will, in conformity with which the will was made, and the Court held the testimony competent. " The contest," say the Court, " is not between the estate, or the representative of the estate, and the proponent. The statute

applies. only when the estate is in some way one of the parties, and the heirs, assigns, devisees, or legatees are the others.  *  *  *  This contest is between two persons who claim an interest in the estate, and as to the estate proper are third persons, and represent no one but themselves." See, also, *Schofield v. Walker*, 58 Mich. 96.

Under the rule laid down in these cases, the testimony was competent.

Error is assigned upon the refusal of the court to instruct the jury as follows:

"If the jury find from the evidence in the case that Mrs. Hogan obtained possession of the note without consideration, and the title of the note now rests in the estate of John McKeon, then plaintiff cannot recover."

The first part of the request was calculated to mislead the jury. The fact that the donee of the note was a daughter, and the circumstances under which the note was given, supported the transfer, and it was unnecessary to show a further consideration. The request was therefore properly refused.

The judgment is therefore affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, J., did not sit.

---

EVIDENCE OF MATTERS EQUALLY WITHIN THE KNOWLEDGE OF A DECEASED PERSON.

The following note summarizes the legislation, and collects the cases, bearing upon the subject suggested in the above heading:

*Summary of Legislation.*

1. Act No. 125, Laws of 1861, taking effect March 11, 1861, which made the parties to suits competent witnesses, provided "that, when a suit or proceeding is prosecuted or defended by the representatives of a deceased person, the opposite party, if examined as a witness on his own behalf, shall not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person."

2. Act No. 188, Laws of 1863, taking effect June 22, 1863, added

to the act of 1861 the provision that, when any suit or proceeding should be prosecuted or defended by any surviving partner or partners, the opposite party, if examined as a witness in his own behalf, should not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of the deceased partner, and not within the knowledge of any one of the surviving partners.

3. Act No. 155, Laws of 1875, taking effect August 3, 1875, amended the statute by providing that, when a suit or proceeding should be prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness on his own behalf, should not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person; and left the portion of the statute relating to suits prosecuted or defended by a surviving partner unchanged.

4. Act No. 245, Laws of 1881, taking effect June 10, 1881, added to the statute the provision that, "when any suit or proceeding is prosecuted or defended by any corporation, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of a deceased officer or agent of the corporation, and not within the knowledge of any surviving officer or agent of the corporation; nor, when any suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person against a corporation, shall any officer or agent of any such corporation be allowed to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person."

5. Act No. 139, Laws of 1885, taking effect September 19, 1885, amended the latter clause of the 1881 act so as to make it read: "Nor, when any suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person against a corporation or its assigns, shall any person who is or has been an officer or agent of any such corporation be allowed to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person;" and added the proviso "that, whenever the words 'the opposite party' occur in this section, it shall be deemed to include the assignors or assignees of the claim, or any part thereof, in controversy."

6. Act No. 121, Laws of 1895, taking effect August 30, 1895, added the further proviso "that whenever the deposition, affidavit, or testimony of such deceased party, taken in his lifetime, shall be read in evidence in such suit or proceeding, the affidavit or testimony of the surviving party shall be admitted in his own be-

half on all matters mentioned or covered in such deposition, affidavit, or testimony."

### General Rules Applicable to the Subject.

For cases construing the statute generally, see:

1. *Kimball v. Kimball*, 16 Mich. 211, holding:

*a*—That the word "equally," as employed in the statute, does not relate to the *degree* of knowledge possessed by the parties, but is used in the sense of *alike*, to preclude the party's evidence where the facts to which he is called were known to both.

*b*—That the witness is not to be the judge for himself of the competency of his evidence, but the court must decide upon it; that there will be many cases where it cannot be known, until the testimony is given, whether the facts testified to were within the knowledge of the deceased or not; but wherever, from the nature of the case, he must have known about them, the opposite party should not be allowed to put his own account of the whole transaction before the jury, on the pretense of giving evidence upon some branch of it of which the deceased had no knowledge.

2. *Wright v. Wilson*, 17 Mich. 192, holding that the principal object of the statute is to prevent a living party from obtaining an unequal advantage, from his own testimony, upon matters known only to himself and the deceased, or better known to them than to others; that whether the prohibition was intended to go beyond this in any case, or to apply to facts which in their nature (as, for instance, the actual possession of land by a decedent in his lifetime) must be open and notorious and easy of proof from any source, *quaere*. And see *Chambers v. Hill*, 34 Mich. 523, 526, where the case last cited is referred to as having decided "that the statute would not preclude the surviving party testifying to matters of public notoriety, such as the occupation of land, notwithstanding the deceased party might have been equally cognizant of the same facts."

3. *Jones v. Beeson*, 36 Mich. 214, holding that questions, in order to be objectionable, must be distinctly aimed at such matters as appear affirmatively to have been within the knowledge of the deceased; that, in cases of doubt, on objection being made, the party asking the question may be required so to limit it as to avoid the difficulty.

4. *Ward v. Ward*, 37 Mich. 253, 259, holding that where two constructions, equally probable, may be placed upon the record, the Court are not inclined to adopt the construction which makes the admission of evidence error under the statute.

5. *Howard v. Patrick*, 43 Mich. 121, 124, holding that, in order to authorize the exclusion of testimony as incompetent under the

statute, it must—being an exception to the general rules of competency—be brought fairly within the statute.

6. *Foster v. Hill*, 55 Mich. 540, 546, holding that, on the hearing of a chancery appeal, all testimony appearing in the record which is inhibited by the statute, if objected to on that ground by either party, is excluded from the consideration of the Court.

7. *Brown v. Bell*, 58 Mich. 58, 61, holding that the object of the statute is to prevent fraud and false swearing, whereby estates become unjustly depleted, in cases where no person on the part of the estate, except the deceased, has any knowledge of the facts necessary to sustain the claim in favor of the estate, or to make. good the defense of the estate when unjust claims are attempted to be enforced against it; that it is limited to contests or litigation upon claims between other persons and the deceased, existing prior to his death,—to such suits and proceedings as the deceased would have been, if living, a necessary party to, and which his heirs, devisees, and legatees, personal representatives or assigns, since his death, are compelled to. prosecute or defend for him in his place.

8. *Taylor v. Bunker*, 68 Mich. 258, holding that the fact that third persons were present when a conversation occurred between the plaintiff, in a suit prosecuted against the administrator of the estate of the deceased, and the deceased, does not render the plaintiff competent to testify to such conversation.

9. *Barker v. Hebbard*, 81 Mich. 267, holding that the question of the competency of the testimony of a party to matters equally within the knowledge of a deceased party is presented to the court for its determination when the death of the party is proven.

10. *Ripley v. Seligman*, 88 Mich. 177, holding:

*a*—That the word "assigns" is used in its legal sense, and signifies a person to whom any property or right is transferred by a deceased person in his lifetime.

*b*—That the statute is broad enough to cover successive transfers, or where the controversy depends upon the acts or dealings with the property of the deceased in his lifetime; and any one who is called upon to prosecute or defend some interest which is affected by the act or agreement of the deceased party through whom he claims may invoke its protection.

*c*—That, in applying the statute, care should be observed in distinguishing between matters equally within the *knowledge* of the deceased and matters within his *information*, as it is only as to the former that the opposite party is not permitted to testify.

*d*—That the statute was not intended to exclude testimony concerning facts capable of proof by documentary evidence accessible to both parties, as, for instance, the dates or contents of written

instruments of a public character, where such testimony is not excluded under other rules governing the admission of testimony.

*Illustrative Cases.*

For cases applying the statute, or some portion of it, to a given state of facts, see:

1. *Campau v. Van Dyke*, 15 Mich. 371 (decided May 14, 1867), where the purchaser of lands covered by a trust deed filed a bill against the trustee and all of the beneficiaries, some of whom were minors, to set aside the deed, and a decree was made granting the relief sought. About six years after the death of the purchaser, and more than six years after attaining his majority, one of the beneficiaries, who was an infant when the decree was made, filed a bill to impeach the decree on the ground that it was obtained by fraud and collusion between the purchaser and the trustee. On the hearing, the beneficiary sought to excuse his delay in filing his bill by testifying to some vague verbal assurances of the purchaser that he would do right by the witness. And it was held that the testimony was incompetent under the statute.

2. *Kimball v. Kimball*, 16 Mich. 211 (decided November 2, 1867), where a son filed a claim against his father's estate, consisting mainly of charges for meats which the son claimed to have sold to his father. The son was permitted to testify that the claim was correct, as he believed, and, in order to save it from the operation of the statute of limitations, was allowed to testify to credits in favor of the decedent; the trial judge holding that unless, from the nature of the transaction and circumstances of the case, the matters sought to be established *must* have been *equally* within the knowledge of the deceased, the claimant was not precluded by the statute from testifying in his own behalf in relation thereto, and that it was competent to show by him whether or not said matters were *equally* within the knowledge of the deceased and himself. And it was held that the court erred in admitting the testimony; that the claimant might have been entitled to testify to the value of such articles as he claimed to have delivered to the decedent, it not appearing that any price was agreed upon, but this would not warrant him in testifying to facts establishing the sale and delivery, since the deceased, who was the purchaser in person, must be presumed to have had full knowledge of such facts.

3. *Wright v. Wilson*, 17 Mich. 192 (decided July 13, 1868), where, after the commencement of an action of ejectment against a husband and wife, the wife died, and the suit proceeded against the husband in his own right and as administrator of his wife's estate. On the trial the plaintiff was allowed to testify that the husband and wife went into possession of the land at a certain date, and had thereafter continued therein. And it was held that as the

husband was still living and defending in his own right, as well as that of his wife, the testimony was competent.

4. *Moulton v. Mason*, 21 Mich. 364 (decided October 5, 1870), where suit was brought by an administratrix to recover the value of goods sold to the defendant by the decedent. Plaintiff, after introducing evidence tending to show the sale and delivery of the goods, and that the defendant and decedent made an inventory thereof, which was copied by the defendant into a book and taken into his possession, gave further proof to the effect that the decedent, three or four weeks before his death, obtained said book from the defendant, and, after making or causing to be made for himself a copy of the inventory, returned the book to defendant. On the failure of the defendant to produce the original inventory, an alleged copy was offered and received in evidence. The defendant offered to prove by his own testimony that the paper produced was not a copy of said inventory, or of an inventory of any goods ever purchased by him of the decedent, or of any inventory ever made by him, or of one which he assisted in making. The testimony was excluded as incompetent under the statute. And it was held that it is questionable whether the statute has any reference to written documents; but when, as in the case under consideration, the representative of the deceased has the means of proving the existence and contents of the document, and takes it upon herself to do so by independent evidence, the case is not within the mischief of the law, and is not covered by it.

5. *Cook v. Stevenson*, 30 Mich. 242 (decided October 7, 1874), where, in a suit by an administratrix upon a verbal contract for the sale by the decedent to the defendant of a stock of goods, the defendant sought to show by his own testimony that the contract made with the decedent differed from the one set up in the declaration, and from a written statement of it which the defendant had given to the plaintiff. And it was held that the proposed testimony was within the prohibition of the statute, it not appearing that the facts sought to be shown could have been known to any one besides the decedent and the defendant.

6. *Wheeler v. Arnold*, 30 Mich. 304 (decided October 13, 1874), where a surviving partner filed a claim against the estate of the deceased partner for moneys advanced by him, after the dissolution of the firm, in excess of his share of its debts. All of the partnership transactions took place during the lifetime of the deceased partner. Most of the facts sought to be introduced by the testimony of the claimant related to what was done in the absence of the decedent, including the forwarding or removal of property destined for his use, he being in another state, and the evidence being confined to transactions in Michigan and on the way between the two states. Some of the testimony referred to

the value of the property and transportation. And it was held that these matters could not, for the most part, have been known to the decedent; that his only information must have been hearsay; and that the statute does not apply to such facts.

7. *Mundy v. Foster*, 31 Mich. 313 (decided February 26, 1875), where a bill was filed by a husband to set aside a trust deed of certain lots executed by his wife, which property he had caused to be conveyed to her upon her verbal agreement, made privately with him, that she would devise to him all of her estate. The will was executed, and destroyed by the wife, and the deed sought to be set aside executed, by which a different disposition was made of her estate. And it was held that, when the husband assumed to testify to said verbal agreement, his position, if not literally within the terms of the statute, was clearly within its policy, and he was not a proper witness by whom to prove the making of said agreement.

8. *Twiss v. George*, 33 Mich. 253 (decided January 11, 1876), where a stepson filed a bill to set aside a deed executed to the defendant by complainant's stepfather in fraud of complainant's rights under a verbal agreement, performed on his part, made with his stepfather, that if the complainant would work the stepfather's farm, and care for the family, the stepfather would convey to complainant the land in dispute. And it was held that the testimony of the stepson, taken after the death of his stepfather, as to the making of said agreement, was not incompetent under the statute, which did not apply to controversies with third persons acting in their own right as purchasers during the lifetime of the deceased. And see *Ripley v. Seligman*, 88 Mich. 177 (decided October 30, 1891), holding that the Twiss case arose before the 1875 amendment, and cannot be taken as an exposition of the statute as amended.

9. *Chambers v. Hill*, 34 Mich. 523 (decided October 13, 1876), where an administrator sued a son of the decedent for the conversion of certain personal property which he claimed belonged to the estate, but which the son claimed title to under a parol agreement made with his father and mother about a year before his father's death, by the terms of which the son was to remain on the home farm and manage affairs, and support his father and mother during their lives, in consideration that what there was of the property should belong to the son (30 Mich. 429), which agreement the son claimed to have fully performed. Evidence having been given on the part of the plaintiff that the defendant at one time, shortly before his father's death, talked with his parents about leaving the farm and going south, assigning as a reason that the family was too large, and was told by his father to go if he wanted to, the defendant was sworn in his own behalf, and

asked if he made any such statements, which question was ex-cluded by the trial court as calling for incompetent·testimony under the statute.   And, in sustaining said ruling, it was held that, although the alleged conversation might have been heard by third parties, yet, as it took place between the defendant and his father as the parties concerned, and related to their business, it was reasonable to assume that·the facts concerning it were better known to them than they were to others.

10. *Schratz v. Schratz*, 35 Mich. 485 (decided January 19, 1877), where, in support of a claim filed against the estate of a deceased person, the claimant testified that certain expenditures charged against the estate were fully explained to the deceased by letter, and that his replies showed that he fully understood what was being done.   And it was held·that the letters, if they could have been produced, would have been admissible, but their loss or destruction would not change the rule, and permit the witness to testify to their contents, such evidence being clearly within the letter and spirit of the statute.

11. *Hart v. Carpenter*, 36 Mich. 402 (decided April 24, 1877), where in a foreclosure suit, based upon a purchase-money mort-gage, the mortgagor set up as a defense the existence of para-mount outstanding titles to a portion of the land.   The mortgagor was allowed to give evidence tending to show admissions by the mortgagee, since deceased, of the defects in the title conveyed, and of his consent that a certain sum of money, which the mort-gagor had paid to an adverse claimant, should be accounted for on the mortgage.   And it was held that the evidence was inadmis-sible under the statute.

12. *Harmon v. Dart*, 37 Mich. 53 (decided June 12, 1877), where an administratrix sued the surviving member of a firm of lawyers for money collected by the firm, after the death of the decedent, upon certain securities which he had left with the firm for collec-tion.   To substantiate the defense that, when the securities were left, it was verbally agreed between the deceased and the firm that, as their compensation, they should retain one-half of the amount collected, the defendant was allowed to testify to such alleged verbal agreement.   And it was held that the existence of this agreement was indispensable to the claim of the de-fendant, and, the case indicating that the matter relied on to make it out was not known to any third party, the testimony was inadmissible under the statute.

13. *Ward v. Ward*, 37 Mich. 253 (decided October 2, 1877), where a sister filed a claim against the estate of her deceased brother for the proceeds realized by him from the sale of a mortgage which he had assigned to her, and which she, at his request, pre-. ferred by his bookkeeper in the presence of others, but in the

absence of her brother, had assigned to a bank to which her brother had transferred the mortgage as collateral security. It was contended that claimant had received no consideration for her assignment, but that the same was made to relieve her brother from his embarrassment consequent upon his pledge of the mortgage to the bank. The claimant was allowed to testify that she did not receive anything, on the occasion of the conversation with the bookkeeper, for making the assignment of the mortgage. And it was held that said testimony was competent under the statute.

14. *Lee v. Wisner*, 38 Mich. 82, 87 (decided January 9, 1878), where, after the death of the principal, suit was brought against the surety in a joint and several bond executed by the principal and surety to indemnify one of the sureties upon a forfeited official bond given by the principal. And it was held that there was no force in the objection that the plaintiff should not have been allowed to testify to matters equally within the knowledge of the deceased.

15. *Howard v. Patrick*, 38 Mich. 795, 799 (decided June 5, 1878), where a daughter, as administratrix of her father's estate, filed a claim against her brother's estate for the conversion by her brother, after her father's death, of certain personal property belonging to her father's estate. The claimant sought to establish the claim, the allowance of which was opposed by the administrator of her brother's estate, by her own testimony and that of her sister as to the acts and declarations of her brother. The testimony of the sister was excluded on the ground that, though she was not in the strictest sense a party to the record, yet she was a daughter of claimant's intestate, and one of the distributees of his estate, and the testimony of the claimant was held incompetent upon the ground that she was the "opposite party" within the statute. And it was held that the testimony of the claimant was properly excluded for the reason assigned; that the sister of the claimant, having, previous to being called as a witness, assigned her claim, and being no longer interested in the result of the case, was, under any view of the statute, a competent witness, and her proposed evidence should have been admitted.

16. *Rust v. Bennett*, 39 Mich. 521 (decided October 31, 1878), holding that in a suit brought in behalf of the estate of a deceased person, to which a private corporation is defendant, it is competent for the corporators to testify in behalf of the corporation to facts which, if true, were equally within the knowledge of the deceased.

17. *Downey v. Andrus*, 43 Mich. 65 (decided February 11, 1880), where a son filed a claim against his mother's estate for money claimed to have been loaned to her. After certain witnesses had testified in his behalf that they were present at his house on a certain occasion, and heard a conversation between him and his

mother, claimant took the stand, and, after testifying that he was present at the conversation testified about, was asked to state what occurred on that occasion. And it was held that, giving to the vague and uncertain statements of said witnesses the greatest force they would bear in the claimant's favor, it was impossible to gather from them anything further than that decedent asked claimant for money, and he handed her $100; that from such facts the law will not infer a loan; that the case was, therefore, one where the presence of said witnesses on the occasion referred to was immaterial, and to have allowed the claimant to testify because of their casual presence would have given him the same "unequal advantage" the statute was designed to prevent.

18. *Bachelder v. Brown*, 47 Mich. 366 (decided January 11, 1882), where the executor of the will of a married woman brought suit on a note, which he claimed belonged to the testatrix at the time of her death. On the trial, counsel for the defendants stated in open court that he assumed the defense for the husband of the testatrix, who, as he claimed, was the owner of the note. Said counsel, after introducing testimony tending to establish such ownership, which was the sole defense attempted to be made, offered to prove such ownership by the testimony of the husband. And it was held that the case fell within the intent of the statute.

19. *Yerkes v. Blodgett*, 48 Mich. 211 (decided April 25, 1882), and *McMillan v. Bissell*, 63 Id. 75 (decided October 14, 1886), holding that, in proceedings by executors to foreclose a mortgage given to their testator, the testimony of the defendant mortgagor to facts equally within the knowledge of the testator is inadmissible under the statute.

20. *In re Mower's Appeal*, 48 Mich. 441 (decided June 14, 1882), where, on a final accounting by administrators, the residuary legatee under the will of the father and sole heir at law of the decedent opposed the allowance of the account. And it was held that the proceeding was not one in which the personal representative, heir, assignee, or devisee of the deceased father was a party on either side, nor was it a suit which concerned his estate; that, while it was true that the intervenor claimed a standing in court by virtue of being a beneficiary under the will of the father, that fact only accounted for his interest in the estate of the son, and was not otherwise important; that for these reasons the Court did not feel called upon to decide whether the statute of 1875 was strictly applicable to the case of an accounting by an administrator, where he was merely giving an account of his own doings as such; but that it could not be so applied as to make the death of parties interested in the estate, and the succession of others to their interests, operate to take from the administrator such right as before existed to explain under oath his official acts and doings.

21. *Brown v. Bell,* 58 Mich. 58 (decided September 29, 1885), where a husband willed all of his estate to his wife for her life, with remainder to his son, to whom he gave immediate possession of the property. A granddaughter of the testator contested the allowance of the will on the ground of the mental incapacity of the testator to make it. On the hearing the son, who was also the proponent of the will, was permitted to testify that his father made an agreement with him several years before his death by which he was to have all of the property, and was to take care of his parents as long as they lived; that the will, so far as it related to the proponent, was only in accordance with said agreement and the testator's often expressed wishes; and that the proponent had fulfilled the agreement upon his part. And it was held that the contest was not between the estate, or its representatives, and the proponent; that the statute applies only when the estate is in some way one of the parties, and the heirs, assigns, devisees, or legatees are the others; that the application for the probate of the will was made neither by an executor named in the will, nor by any one acting as the legal representative of the estate; that the contest was between two persons who claimed an interest in the estate, and as to the estate proper were third persons, and represented no one but themselves; and that the statute did not apply to the case.

22. *Schofield v. Walker,* 58 Mich. 96 (decided September 29, 1885), where the probate of a will was contested on the ground, among others, that the testatrix was unduly influenced by the legatees and devisees to make it. The contestant introduced testimony tending to prove the exercise of undue influence by one of the legatees, and the legatee was introduced for the purpose of rebutting said testimony. And it was held that the legatee was not a party to the proceeding to establish the will; that she might be interested, but such interest was remote and contingent; and that her testimony was competent.

23. *In re Estate of McClintock,* 58 Mich. 152 (decided September 29, 1885), where, on the hearing of an appeal from an order of the probate court made in a proceeding under How. Stat. § 5978, which provides that all questions as to advancements to any of the heirs may be heard and determined by the probate court, and shall be specified in the decree assigning the estate, a question was made whether or not the heirs were competent witnesses. And it was held that the proceeding was not one in which the estate was on one side and the appellant (one of the heirs) on the other, as it must be in order to require exclusion of testimony under the statute; that, if there were any parties in opposition, each legatee was opposed to every other legatee; that it could make no diference to the executor, as such, into whose hands the

assets fell; that no reason existed why all of the legatees might not be allowed or compelled, as the case might be, to testify concerning the advances, which were not treated as debts, but as gifts to apply on legacies.

24. *Cotherman v. Estate of Cotherman*, 58 Mich. 465 (decided November 19, 1885), where a son filed a claim against his father's estate, and the testimony of the claimant's wife in support of the claim was objected to as incompetent under the statute. And it was held that the objection was without force; that the wife was not a party to the litigation in any way, and was on the same footing as any other witness.

25. *Pendill v. Neuberger*, 64 Mich. 220 (decided January 13, 1887), where an action for rent upon a verbal lease was brought against the lessee by the heirs of the lessor. Evidence having been introduced by the plaintiffs of portions of a conversation had between the deceased and the defendant, at which time the agreement was claimed to have been made, defendant sought to testify to the entire interview between the parties, during a part of which no third person was present. And it was held:

a—That the testimony so offered by defendant was properly excluded under the statute.

b—That the plaintiffs were not disqualified as witnesses, not being "opposite parties." And see the same case, reported in 67 Mich. 562.

26. *Stackable v. Estate of Stackable*, 65 Mich. 515 (decided April 21, 1887), where a wife filed a claim against the estate of her husband's deceased brother for board furnished the decedent while her husband was the head of the house. The husband claimed that he gave the board to his wife, and that it was understood that she was to receive the pay for the same. And it was held that the amendment of 1885, which declares that the words "opposite party," as used in the statute, shall be deemed to include the assignor or assignee of the claim sought to be enforced, covers an assignment, whether made before or after the death of the party sought to be charged; that without some assignment from the husband the claim for decedent's board would belong to the husband, and not to claimant; and that he was not a competent witness to testify as to the time the decedent boarded at his house, or the price agreed to be paid for said board.

27. *Duryea v. Estate of Granger*, 66 Mich. 593 (decided July 7, 1887), where the administrator *de bonis non* of an estate which had been settled under a former administrator filed a claim against the estate of said administrator for one-half of the proceeds realized by him on the sale of a vessel belonging to himself and the decedent, and which, as claimed, he had converted to his own use. The executrix of said administrator was offered as a wit-

ness upon the part of his estate. And it was held that the mere fact that she was such executrix would not constitute her the "opposite party" under the statute, and, in the absence of proof that she was a legatee under the will or had any interest in the estate, she was a competent witness for the estate.

28. *Hood v. Olin*, 68 Mich. 165, 175 (decided January 12, 1888), 80 Id. 296, where a mortgagee replevied the mortgaged property from a firm, one member of which had furnished it to the mortgagor to be used in the prosecution of a logging contract, and retained the title in himself until the property should be paid for. The firm made advances on the contract. The mortgagor, after entering upon its performance and giving the mortgage in question, abandoned his contract, and the firm took possession and completed it. After the replevin of the property, the partner who had furnished it to the mortgagor died, and the suit was prosecuted against the surviving partner. And it was held that the testimony of the mortgagor was competent under the statute.

29. *Taylor v. Bunker*, 68 Mich. 258 (decided January 19, 1888), where after the trial of a case the defendant died, and the case was revived against the administrator of his estate. The declaration was amended, and on a second trial the testimony of the plaintiff to a conversation had with the decedent was sought to be introduced under the claim that, inasmuch as the decedent was allowed to cross-examine the plaintiff on the former trial, and testify in his own behalf, the plaintiff should be allowed to testify, and leave the administrator, who was defending the case, to introduce, in rebuttal, the testimony of the decedent given upon the former trial. And it was held that, aside from other considerations which rendered the proposition untenable, the change in the issue by the amendment of the declaration after the revivor of the case had that effect, if, under any circumstances, such a course would be permissible.

30. *Hillman v. Schwenk*, 68 Mich. 293 (decided January 26, 1888), where, prior to the trial of a suit brought by the holder of a promissory note purporting to have been indorsed in blank by the payee, the payee died. His devisee urged the defendant to defend on the ground that the alleged indorsement was a forgery, and indemnified the defendant against loss in so doing. And it was held that the testimony of the plaintiff, as to the purchase of the note from the payee, was not incompetent under the statute. And see *Hillman v. Schwenk*, 68 Mich. 297, 300, holding that if the executor of the payee had indemnified the defendant, or taken upon himself the defense of the case, said testimony would have been incompetent.

31. *Buffum v. Porter*, 70 Mich. 623 (decided June 15, 1888), where a bill was filed to declare a deed absolute on its face, executed by

complainant to his brother, since deceased, to be a trust deed.
The defendant claimed title under the heirs of the grantee. And
it was held that the complainant was disqualified under the statute
from testifying to any facts equally within the knowledge of the
grantee.

32. *M'Cutcheon v. Loud*, 71 Mich. 433 (decided October 5, 1888),
holding that where in a suit against the trustees of a copartner-
ship upon a contract made by their business agent, who was also
a member of the firm, the judgment, if one is recovered, must be
paid out of the trust estate, the death of such agent renders the
testimony of the plaintiff as to the terms of the contract inad-
missible, said trustees being the representatives of said deceased
beneficiary.

33. *Webster v. Sibley*, 72 Mich. 630 (decided November 28, 1888),
where an action was brought by executors upon a verbal contract
claimed by them to have been entered into by their testator and
the defendants, but which the defendants denied making. Upon
the trial plaintiffs introduced a witness claimed to have been pres-
ent when the contract was made, and who testified as to its
terms. One of the defendants, when sworn in his own behalf,
was asked whether he had ever entered into any agreement with
reference to the subject-matter in controversy in the presence of
said witness. And it was held that the exclusion of the testimony
was error; that the defendants were not bound by the testimony
of said witness, but were privileged to contradict him in any
manner they could upon a material point; that the effect of the
testimony might or might not have been to establish a fact
equally within the knowledge of the decedent, but, until it did
necessarily show the fact to be equally within such knowledge,
it ought not to have been excluded.

34. *Doolittle v. Gavagan*, 74 Mich. 11, 13 (decided February 8,
1889), where a surviving partner sued a married woman for a bill
of goods sold to her by the firm. The defendant claimed that the
price of the goods, except $8, had been paid to a deceased mem-
ber of the firm by her husband. The firm had dealt with the
husband as agent of defendant, and not as owner of the business,
which had been conducted in her name for some years. And it
was held that the husband was competent to testify to said pay-
ment.

35. *Buck v. Estate of Haynes*, 75 Mich. 397 (decided June 21,
1889), holding that the assignor of an account filed by the assignee
against the estate of a deceased person may be asked on cross-
examination the purpose of such assignment, and, if shown to
have been to make him a competent witness, he cannot testify to
the account, even if competent to testify under any circumstances
to matters equally within the knowledge of the decedent.

36. *Beardslee v. Reeves*, 76 Mich. 661 (decided October 18, 1889), where, prior to the trial of a suit brought by an administrator for the value of certain notes and a mortgage belonging to the estate, as alleged, and which the administrator claimed the defendant had converted to his own use, the defendant was summoned into the probate court by the administrator to answer interrogatories as to his disposition of the notes and mortgage. On the trial of the main case the stenographer was called as a witness by the plaintiff, and his minutes read from to prove that the defendant, on such examination, had testified that he had one of the notes in his possession, and that he had received the money on the mortgage. On cross-examination the stenographer was asked by defendant's counsel if defendant did not state on his examination that his father, before he died, had given and delivered the mortgage to him. And it was held that the testimony, under the circumstances, was admissible; that, independent of the question of waiver, if any part of such examination was used by the plaintiff, the defendant was entitled to the whole of his testimony given on such examination, or such parts thereof as he deemed material.

37. *Lautenshlager v. Lautenshlager*, 80 Mich. 285, 290 (decided April 25, 1890), where a son and a daughter offered for probate two instruments, in form warranty deeds, purporting to convey to each a portion of their father's real estate. In order to establish the testamentary character of the instruments, the proponents were permitted to testify that the decedent retained the papers in his possession, and on the day of their execution informed proponents that he should retain such possession, as also the control of his property, while he lived. The testimony was objected to by the contestant, a brother of the proponents, as incompetent under the statute. And it was held that the statute did not apply to such a case.

38. *Wilson v. Estate of Wilson*, 80 Mich. 472 (decided May 2, 1890), holding that the testimony of a daughter of a claimant against the estate of a deceased person, as to admissions made to the witness by the deceased tending to establish the claim, is not incompetent.

39. *Lake v. Nolan*, 81 Mich. 112 (decided May 16, 1890), holding that the estate of a deceased grantor is not interested in a suit by the widow to set aside the deed and secure her dower interest in the land conveyed, and the grantee is not disqualified as a witness.

40. *Barker v. Hebbard*, 81 Mich. 267 (decided June 6, 1890), where, after the death of the defendant, the case was revived against the administratrix of his estate. On the second trial the plaintiff, after showing that both the decedent and himself had testified on the former trial, offered to permit the administratrix to show by the stenographer who took the testimony on the first

trial what the decedent testified to, and, upon her refusal to accept the offer, then to have the stenographer testify to what the plaintiff said on that trial. And it was held that this was an attempt to avoid the effect of the decision in *Taylor v. Bunker*, 68 Mich. 258; that the statute is imperative, and stood as a barrier in the one case as well as in the other.

41. *Jackson v. Cole*, 81 Mich. 440 (decided June 13, 1890), where a widow sued upon a claim assigned to her by her husband in his lifetime. She was sworn as a witness in her own behalf, and asked if the decedent had transferred the claim to her. And it was held that the testimony was competent.

42. *Penny v. Croul*, 87 Mich. 15 (decided July 28, 1891), where an executor was sued in his individual character by the administrator of the estate of the widow of the testator for the conversion of certain bonds received from her after the testator's death, but before his will was probated. The executor inventoried the bonds as the property of the estate, and never claimed any personal interest in them. The administrator claimed that they were delivered to the executor for safe-keeping by the widow, who had received them as a gift from her husband during his lifetime, which the executor denied, and claimed that the bonds were delivered to him with the understanding that he received them as the property of the estate, and with the free will and consent of the widow. And it was held that the real issue was between the two estates as to the ownership of the bonds, and that the executor was not disqualified from testifying as a witness under the statute, but that an heir of the widow was so disqualified.

43. *Schuffert v. Grote*, 88 Mich. 650 (decided December 21, 1891), where a son filed a bill to set aside a deed executed by his father, since deceased, to the defendant, and confirm the title to the land in the complainant under a prior deed, executed to complainant by his father, but retained in the father's possession, and, as claimed by the defendant, destroyed prior to the execution of the second deed. And it was held that the testimony of the complainant as to the execution of the first deed, and as to what took place between his father and himself, was excluded by the statute.

44. *Smith v. Estate of Smith*, 91 Mich. 7 (decided March 18, 1892), holding that the assignor of a claim against the estate of a deceased person for logs loaned the deceased is not disqualified under the statute from testifying, in a suit brought by the assignee to recover the claim, to the arrangement made by the assignor with the agent of the deceased, in his absence, and under which the logs were delivered.

45. *Letts v. Letts*, 91 Mich. 596 (decided May 13, 1892), where, in a suit by a daughter upon a note given to her father by the defendant, plaintiff gave evidence tending to show that she received

the note as her share of her father's estate, and that it had never been paid. The defendant offered his own testimony to show that, by agreement with plaintiff's father, the note was never in fact to be paid by defendant, but was given as the consideration for real estate deeded to defendant by plaintiff's father as a part of the estate which would eventually fall to plaintiff, she being the divorced wife of the defendant. And it was held that, plaintiff's title being derived from her deceased father, said testimony was incompetent.

46. *Metropolitan Life Ins. Co. v. O'Brien*, 92 Mich. 584, 589 (decided July 28, 1892), where a bill of interpleader was filed by a life insurance company to determine the relative rights to the insurance money of the assignee of the policy, who was also the beneficiary by substitution named therein, and the heirs of the insured. And it was held that the assignee was incapacitated from testifying to facts which would have been equally within the knowledge of the insured.

47. *Fenton v. Miller*, 94 Mich. 204 (decided December 22, 1892), holding that where, in an action of ejectment against a mother and her infant children, the mother is disqualified under the statute from testifying to a conversation with plaintiff's deceased grantor, such disability extends to her codefendants, who would be benefited by such testimony.

48. *Lloyd v. Hollenback*, 98 Mich. 203 (decided December 22, 1893), holding that the statute applies to a daughter who files a bill to set aside a deed executed by her father in his lifetime to the defendant, based upon his agreement to give complainant the property in consideration of a life support.

49. *Connolly v. Keating*, 102 Mich. 1 (decided September 25, 1894), holding that the statute applies to a party who files a bill to declare the title to land conveyed to the decedent in his lifetime to be in the complainant.

50. *McHugh v. Fitzgerald*, 103 Mich. 21 (decided December 18, 1894), where the allowance of a will was contested on the ground of undue influence, and one of the proponents, who was also a devisee under the will, was permitted to testify that the testatrix had stated to the witness that she intended to leave her property to the proponents. And it was held that the testimony was not within the prohibition of the statute.

### Waiver of the Statute.

For cases bearing upon the question of the waiver of the provisions of the statute, see *Michigan Savings Bank v. Estate of Butler*, 98 Mich. 381, and note.

### Corporation Cases.

For cases bearing upon the provisions of the statute that, when

any suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person against a corporation or its assigns, no person who is or has been an officer or agent of such corporation shall be allowed to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person, and, when any suit or proceeding is prosecuted or defended by any corporation, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of a deceased officer or agent of the corporation, and not within the knowledge of any surviving officer or agent thereof,— see *Krause v. Assurance Society*, 99 Mich. 461, and note.