BAILEY v. HOLDEN.

1. WITNESSES—COMPETENCY — MATTERS WITHIN KNOWLEDGE OF DECEDENT.

Under 3 How. Stat. § 7545, one who files a bill to quiet title against the assigns of a deceased person, through whom he also claims by a prior conveyance, is incompetent to testify to matters which, if true, were equally within the knowledge of the deceased.

2. EQUITY—EVIDENCE—PRESUMPTION ON APPEAL.

No presumption in favor of the correctness of the determination of the circuit judge on disputed questions of fact in a chancery case can attach upon appeal, when it appears that such decision was based in part upon inadmissible testimony.

Appeal from Barry; Smith, J. Submitted April 14, 1897. Decided June 28, 1897.

Bill by Frank Bailey against John Holden and others to remove a cloud from title. From a decree for complainant, defendants appeal. Reversed.

*Barrell & Potter*, *W. S. Powers*, and *Philip T. Colgrove*, for complainant.

*Alonzo D. Cadwallader* ( *Alfred J. Mills*, of counsel ), for defendants.

MONTGOMERY, J. The original bill was filed by the complainant to remove a cloud from the title to lands claimed to be owned by him. The bill alleges that the complainant acquired his title through a conveyance made on the 21st of November, 1893, to him by his wife, Mary; that he went into actual possession of the land, and has remained in possession ever since; and that on the 10th of November, 1894, his wife, Mary, died intestate, and without issue. The bill avers that the defendant John Holden, on the day of the death of complainant's wife, caused a conveyance of the premises in question from Mary Bailey to defendants Carrie F. Holden, Frank H. Holden, Pearl G. Holden, and Bernice N. Holden, purporting to have been executed on the 29th of October, 1894, to be placed of record. The defendant John Holden is a brother of Mary Bailey, deceased, and the other defendants are his minor children. Defendants, by their answer and cross-bill, aver that the conveyance under which complainant claims was procured by means of influence which complainant had over his wife, and was executed with the express understanding that it was to operate and be considered as a will of Mary Bailey, and to take effect only at her death, and that she reserved the full power of revocation.

The case turned below, and must turn here, upon the determination of the question as to whether the conveyance was made as an absolute conveyance, or with the purpose that it be delivered and take effect after the death of Mary Bailey; and this is mainly a question of fact. Three persons besides the deceased were present when the deed to complainant was signed. They were complainant himself, an attorney named Lowden, who had driven out to the residence of deceased and complainant for the purpose of taking the acknowledgment of the deed, and who had in advance prepared the deed for execution, and a domestic, Miss Hazel.

A preliminary question is made as to whether complainant is a competent witness to testify to facts equally

within the knowledge of his deceased wife. The statute (section 7545, 3 How. Stat.) provides that—

"When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness on his own behalf, shall not be admitted to testify at all to matters which, if true, must have been equally within the knowledge of such deceased person."

Defendants are the assigns of Mary Bailey. They claim under a deed executed by her in due form, to defeat which it is necessary to show that she had parted with title prior to the date of the deed to defendants, and the testimony which complainant offered was for the purpose of establishing this fact. In *Ripley* v. *Seligman,* 88 Mich. 177, at page 189, Mr. Justice Champlin said:

"The word 'assigns' is used here in its legal sense, and signifies a person to whom any property or right is transferred by a deceased person in his lifetime. The statute is broad enough to cover successive transfers, or where the controversy depends upon the acts or dealings with the property of the deceased in his lifetime; and any one who is called upon to prosecute or defend some interest which is affected by the act or agreement of the deceased party through whom he claims may invoke the protection of the statute to shield his interest from the testimony of the opposite party to matters which, if true, were equally within the knowledge of the deceased person through whom he claims."

In *Schuffert* v. *Grote,* 88 Mich. 650 (26 Am. St. Rep. 316), a son filed a bill to set aside a deed executed by his father, since deceased, to the defendant, and confirm the title to the land in the complainant under a prior deed executed to complainant by the father. It was held that the testimony of the complainant as to the execution of the first deed, and as to what took place between his father and himself, was excluded by the statute. The case is on all fours with the present. In *Lloyd* v. *Hollenback,* 98 Mich. 203, a daughter of her deceased father filed a bill alleging an agreement to give complainant cer-

tain property in consideration of a life support, and to set aside a deed executed by her father in his lifetime to defendant. The statute was held to exclude her testimony. See, also, *Connolly* v. *Keating*, 102 Mich. 1.

Complainant cites, to sustain the admissibility of the testimony, the case of *Latourette* v. *McKeon*, 104 Mich. 156. In that case the action was brought against the maker of a note by one claiming to be the assignee of the deceased payee. No representative of such deceased payee was prosecutor or defendant in the suit. But in the case of *Hillman* v. *Schwenk*, 68 Mich. 297, cited in *Latourette* v. *McKeon*, it was said:

"If the executor had indemnified the defendants, or had taken upon himself the defense of the suit, the statute excluding the plaintiff from testifying to matters which were equally within the knowledge of the deceased would have applied."

So, in the case of *Brown* v. *Bell*, 58 Mich. 58, and *Schofield* v. *Walker*, Id. 96, it was held that the testimony of the proponent of a will is not excluded, for the reason that there is no "opposite party" representing the estate of the deceased. If the case of *Lautenshlager* v. *Lautenshlager*, 80 Mich. 285, is to be deemed a misapplication of the doctrine of *Brown* v. *Bell*, the distinction has since been made in the later cases above referred to, and the rule firmly established. We think the testimony of the complainant was not competent.

The testimony of the witness Lowden we find far from satisfactory. It was given at a time when he was in jail awaiting a sentence for the crime of forgery. He testified that complainant came to him with a request, either verbal or in writing, that he prepare a deed, and take it out to the residence, seven or eight miles from town, for execution; that such a deed was drafted by his clerk; that he went to Mrs. Bailey's farm, remained over night, and in the morning the deed was executed, with suspicious formality; that one dollar, a nominal consideration, was in fact paid; that the deed was delivered to complainant;

and that after delivery Mrs. Bailey for the first time stated that she wished to have the deed withheld from record, as her brother John would be angry if he knew of the conveyance. The force of the testimony of this witness is very much weakened by the fact that subsequently he admits that he received pay from John Holden for going out to see Mrs. Bailey in regard to canceling the deed, and by the fact that he took the deed along with him at the time,—conduct hardly consistent with his present testimony that the deed was delivered beyond recall, and that he was simply withholding it from record until the decease of Mrs. Bailey. The fact that it was to be withheld from record is significant, and the claim that the reason for withholding it was to avoid difficulty with her brother John Holden is inconsistent with the alleged course of the parties thereafter. Mrs. Bailey, it appears, made no secret of the fact that this deed had been made by her. Complainant himself produces a number of witnesses to testify to statements made by her to them to the effect that she had made such a deed. These statements, it is claimed, corroborate the contention of complainant, but we think they are of little weight in that direction. There can be no doubt that Mrs. Bailey, at the time of the execution of this deed, intended that at her death Mr. Bailey should receive her property. But the question of supreme importance is whether she intended, at the time, that the deed was delivered beyond recall.

The other witness to the deed was Miss Hazel. She testified that the deed was delivered to Mr. Lowden by Mary Bailey, conditionally; that she told him to take the deed, keep it until she called for it, and, if she called for it before her death, he was to deliver it up; if not, it was to be put on record after she died. It is true that there are some inconsistencies in the testimony of this witness, and we are compelled to rest our conclusions upon evidence which is not altogether satisfactory. But, having in view the relationship of the parties, and the fact that Mary Bailey was the wife of the complainant, and to

some extent under his control, we think the assertion of such a claim as that which he has put forth should be closely scrutinized, and that, upon the whole, the evidence preponderates in favor of the defendants. We should hesitate, in a case so close upon its facts, to overturn the decision of the circuit judge, were it not for the fact that the court rested his conclusion in part upon the testimony of the complainant himself, which, we have seen, is inadmissible. This devolves upon us the duty of considering the testimony without the aid of the presumption arising from the circuit judge's determination, which course has been pursued, with the result above stated. The case is very similar in its facts to *Schuffert* v. *Grote*, 88 Mich. 650 (26 Am. St. Rep. 316).

The decree of the court below will be reversed, and the relief prayed in the cross-bill granted, with costs of both courts to defendants.

The other Justices concurred.