BROFFEE *v.* LE FILS.

1. DEEDS—DELIVERY—EVIDENCE—WITNESSES.

Evidence offered to show that decedent delivered a deed of real property to defendant, her daughter, and objected to, on the ground that the testimony of defendant was equally within the knowledge of the deceased, whereupon it was struck out, being the only testimony on the subject, *held,* insufficient to establish such delivery.

2. SAME—ADMISSIONS.

And evidence of a third person that decedent stated she was going to give each of her daughters a house and lot, and said nothing about having executed and delivered a deed, had no tendency to show the delivery.

3. SAME—INTENTION OF GRANTOR.

In the absence of other evidence than the deed itself to prove the intent of the grantor, it must prevail, and the court should have determined, as a matter of law, the intent of the grantor not to pass a present interest where the deed stated that it was not to be delivered or to become operative until the death of the grantor.

4. SAME.

And such limitation, in the absence of proof of actual delivery, should have been held to require the court to direct a verdict for plaintiff in ejectment.

Case-made from Kent; Brown, J. Submitted January 15, 1914. (Docket No. 86.) Decided December 18, 1914.

Ejectment by Irene Lulu Broffee, by next friend, against Anna Le Fils and others. Judgment for defendants. Plaintiff brings error. Reversed.

*Frank L. Carpenter,* for appellant.

*William F. McKnight,* for appellees.

McAlvay, C. J.   This is a case in ejectment brought in behalf of plaintiff, a minor, by her next friend, against defendants, to recover an undivided one-third interest claimed by her in certain real estate situated in the city of Grand Rapids.   The trial resulted in a verdict and judgment in favor of the defendants. Plaintiff has removed the case to this court for review upon a case-made after judgment, and has assigned errors upon exceptions taken during the trial, which assignments of error were duly attached and certified when the case was settled.

The material facts in this case are as follows: Plaintiff's ancestor, through whom she claims title, who was Bridget Delia Broffee, her grandmother, derived title to the premises in question from one Mary A. Granger, April 3, 1883.   She entered into and continued to hold possession thereof from that date until her death, which occurred September 23, 1908.   She left surviving her as sole heirs at law four persons, namely, Anna M. Le Fils and Ella B. Kelley, daughters, two of the defendants herein, John Broffee, a son, and plaintiff, a granddaughter, the only surviving heir of her son, James Broffee, deceased.   These premises are situated in the city of Grand Rapids on the east side of Plainfield avenue, 170 feet north of the north line of Carrier street.   It is an irregular piece of land about the size of an ordinary city lot and upon it, after her purchase, Mrs. Broffee, built two houses.   About three years and six months before her death Mrs. Broffee, on March 16, 1905, sent for a notary public to come to her house, who, under her instructions, drew the following instrument, which she duly executed and acknowledged:

"This indenture, made the sixteenth day of March, in the year of our Lord, one thousand nine hundred and five, between Mrs. Bridget Broffee, of the city of Grand Rapids, county of Kent and State of Michi-

gan, party of the first part, and Anna Maria Le Fils, and Ella Kelley, both of Omaha, Nebraska, and being daughters of the first party hereto, parties of the second part, witnesseth, that the said party of the first part, for and in consideration of the sum of (1.00) one dollar and love and affection to her in hand paid by the said parties of the second part, the receipt whereof is hereby confessed and acknowledged, does by these presents, grant, bargain, sell, remise, release, alien, and confirm unto the said parties of the second part, and to their heirs and assigns, forever, all that certain piece or parcel of land, situate and being in the city of Grand Rapids, county of Kent and State of Michigan, and described as follows, to wit [omitting description]. Together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining: To have and to hold the said premises, as above described, with the appurtenances, unto the said parties of the second part, and to their heirs and assigns forever. And the said Bridget Broffee, party of the first part, her heirs, executors and administrators, does covenant, grant, bargain and agree to and with the said parties of the second part, their heirs and assigns, that at the time of the ensealing and delivery of these presents she is well seised of the above granted premises in fee simple; and that they are free from all incumbrances whatever and that she will, and her heirs, executors and administrators shall warrant and defend the same against all lawful claims whatsoever. It is hereby expressly understood that this deed is not to be delivered or become operative except in case of the death of the party of the first part.

"In witness whereof, the said party of the first part has hereunto set her hand and seal the day and year first above written.

"BRIDGET BROFFEE [L. S.]"

The notary left the instrument with Mrs. Broffee at her house, and never saw it afterwards until in court as a witness in this case. The grantees in this instrument at that time resided in Omaha, Neb., were not present at its execution, and paid no consid-

eration. It developed on the trial that defendant Ella Kelley claimed that this instrument had been delivered to her May 28, 1905, by her mother in the presence of her brother John, who had died in December, 1909, three years before the present trial. Defendant Ella Kelley caused this instrument to be recorded in the office of the register of deeds on September 26, 1908, three days after the death of her mother, Bridget Broffee. How and when it came into her possession there is no evidence in the case to show. The record shows that the testimony of defendant Ella Kelley, offered for the purpose of showing a delivery of this instrument to her by her mother, was objected to and stricken out as incompetent under the statute. It also appears that after the death of Bridget Broffee and after defendant Ella Kelley had recorded the instrument in question, she petitioned for the appointment of an administrator of her mother's estate, describing herself, her sister and brother John as the only heirs, not including the plaintiff, who was at that time living in Milwaukee, Wis. John Broffee was later appointed administrator of his mother's estate, but did not include the land here in question in his inventory. The estate was closed June 1, 1909, and $560.43 and two parcels of land (not included in this suit) was assigned to Mrs. Le Fils, Mrs. Kelley, and John Broffee, as the only heirs of the deceased mother. John Broffee died intestate December 31, 1909. Afterwards Mrs. Kelley petitioned the probate court for the appointment of an administrator of his estate, describing herself, Mrs. Le Fils, and plaintiff, Irene Broffee, as his only heirs. An administrator was appointed and probate is still pending. The record shows that the two houses on the land in question in this suit were leased by the two principal defendants, Le Fils and Kelley, to the other defendants, Everett and Benton, who were occupying the premises when

this suit was instituted and were made parties defendant thereto. The errors assigned and relied upon relate to the exclusion and admission of testimony, the refusal to give plaintiff's requests to charge, and certain portions of the charge as given by the court.

To rebut the *prima facie* case made by plaintiff defendants introduced in evidence the instrument already set forth, and offered to show that it was delivered by Bridget Broffee to defendant Ella Kelley May 28, 1905. Objection was interposed that the witness was incompetent to testify, and the objection was sustained. The matter was pressed by further questions, as follows:

"*Q.* Who handed you the deed on that occasion?

"*Mr. Carpenter* (attorney for plaintiff): I object to that on the same grounds.

"*The Court:* The objection is sustained.

"*Mr. McKnight* (attorney for defendants): I offer to show that on the 28th day of May, 1905, this deed, Exhibit 2, was delivered by the mother, Bridget Broffee, to this defendant.

"*Mr. Carpenter:* I object to it.

"*The Court:* The objection is sustained.

"*Q.* Was there any one else present at that time besides your brother John and mother?

"*A.* No, sir. My brother John is dead. No other person is now living having knowledge of that delivery. No one else was present."

This is all the testimony which was offered or could be offered on the part of defendants to show the delivery of this deed, except that of the witness Thiebault, which we next consider. As the record stands, therefore, no delivery of this instrument was shown to have been made by Bridget Broffee to defendants during her lifetime.

On the part of defendants testimony of a witness named Thiebault was offered and received over objection and exception by plaintiff relative to conversations had with Mrs. Broffee, as counsel for defendants

stated, "to show she had delivered these deeds to the girls, from her own statement." An examination of this testimony shows, in the witness' words, "she did not say a word about the deed." The substance of the testimony is that deceased told witness "she was going to give them a house and lot apiece." Counsel for plaintiff moved the court "that all the testimony of this witness be stricken out as having no tendency to show a delivery of this deed and being irrelevant and incompetent." The court denied the motion, and an exception was taken upon which error is assigned. This testimony had no tendency to show a delivery of this deed. The court was in error in denying the motion to strike it out. It was recognized by the court, and so stated in his charge to the jury, that:

"If Bridget Broffee had not made this instrument and had died intestate, that is, without making a will, the plaintiff in this case would have had an interest in the property in controversy here as the heir of her father, James Broffee."

The court submitted to the jury to find as a question of fact the grantor's intent in the execution of this instrument as to passing a present interest to these two defendants, her daughters, and also to find whether Bridget Broffee delivered this instrument during her lifetime, as claimed by defendants, as follows:

"Now the question arises as to what was the intent of Bridget Broffee in the execution of this instrument executed in the form of a warranty deed but containing the clause I have read to you. The question for you to determine is what, under the circumstances of this case, which you believe to be true, was the intent of the grantor, Mrs. Broffee, as to the passing of any present interest in this property to the grantees named in this deed, the defendants in this case, Mrs. Kelley and Mrs. Le Fils?"

And further:

"If there was a delivery, as the defendants contend, accompanied by the intent to invest in the grantees, that is, Mrs. Kelley and Mrs. Le Fils, a present interest in the property absolutely, then your verdict will be for the defendants, and that is the question here. You are to take all the facts and circumstances in the case as are shown by the evidence, the relations of the parties, the contents of the deed, and determine as to what was the intention of Mrs. Broffee as to passing the present interests, or title, to the grantees by the execution of this instrument in question."

And further:

"If she did deliver the deed before her death with the intent of passing title at the time that the document was delivered, an absolute title then and at that time, with the right of possession at that time, then it would convey an absolute title in this property to these two defendants."

Upon these portions of the charge errors are assigned by appellant. Relative to the submission of the question of the delivery of the instrument to defendants, it is contended on the part of appellant that there is no evidence in the case tending to show such delivery. Having already determined that there was no evidence in the case tending to show that this instrument was delivered to these defendants during the lifetime of Bridget Broffee, it follows we must hold that the exception of counsel for appellant to these portions of this charge which submit this question of fact to the jury was well taken. The court was in error in so charging the jury.

On the second proposition the contention of appellant is that the instrument in question is not ambiguous in its terms, that the intent of the grantor is to be found only within the terms of the instrument itself, and that its construction was a question of law for the court. From our examination of the record we find that there was no evidence properly in the

case except the instrument itself from which to find the intent of the grantor, and we agree with the contention of counsel for appellant that the construction of this written instrument was a matter of law for the court, and not a question of fact for the jury. The question of intent was therefore improperly submitted to the jury.

There remains to be considered only the construction of the clause in the instrument itself upon which this dispute arises, which reads as follows:

"It is hereby expressly understood that this deed is not to be delivered, or become operative, except in case of the death of the party of the first part."

It would be hard to select fewer words to more aptly express the intention of the grantor. It is a most positive statement that the deed was not to be delivered or become operative except in case of the grantor's death. This is the express intent of the grantor, concerning which there is left no room for doubt. This instrument, after its execution, was left in the possession of the grantor, and there was no delivery shown to have been made by her to these defendants, directly or indirectly. The case, as we view it, was one in which it would have been proper for the court to have instructed a verdict for plaintiff.

It will not be necessary for this court to consider other questions which are presented.

The judgment of the circuit court is reversed, and a new trial granted.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.