## LUCE *v.* LUCE.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —STATUTES.

Under 3 Comp. Laws, § 10212 (3 Comp. Laws 1915, § 12553), providing that when a suit is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if called as a witness in his own behalf, shall not be permitted to testify at all as to matters, which, if true, must have been equally within the knowledge of deceased, in a suit by heirs at law of a deceased person against another heir at law to set aside a deed by deceased to defendant, plaintiffs and defendants are incompetent witnesses to facts equally within the knowledge of deceased.

2. DEEDS—CANCELLATION OF INSTRUMENTS—MENTAL COMPETENCY —EVIDENCE—SUFFICIENCY.

On a bill by heirs at law of a deceased person to cancel a deed by deceased to defendant, her brother, evidence *held*, insufficient to show that deceased, who died from hyperæsthetic pneumonia, had passed into a coma or was otherwise mentally unbalanced at the time of execution of the deed.

197—Mich.—30.

3. SAME—DELIVERY—ESCROWS—EVIDENCE—SUFFICIENCY.
    Evidence *held*, sufficient to show an unconditional delivery
    in escrow of the deed and certificates of deposit to the
    scrivener who prepared the deed, to take effect upon the
    death of deceased.

Appeal from Ionia; Davis, J.    Submitted June 18,
1917.    (Docket No. 74.)    Decided July 26, 1917.

Bill by James B. Luce and others against Charles
Wright Luce and others to set aside a deed and for
an accounting.    From a decree dismissing the bill,
plaintiffs appeal.    Affirmed.

*Fred L. Warner,* for plaintiffs.

*Hawley & Eldred,* for defendants.

FELLOWS, J.    Plaintiffs James B. Luce, James H.
Green, and Orley B. Green are nephews of Emeline
Weaver, deceased.    Minnie Luce Cook is a niece.
They, with defendant Charles Wright Luce, a brother
of deceased, are all the heirs at law of Mrs. Weaver.
She died on the morning of January 15, 1914, of
hyperæsthetic pneumonia, a disease commonly called
"old age pneumonia."    This bill is filed to set aside a
deed to defendant Charles Wright Luce of certain
premises in the city of Belding, Ionia county, consist-
ing of a house and lot, worth from $1,000 to $1,200,
and a vacant lot worth less than $50, to require an ac-
counting for certificates of deposit aggregating $166,
and to restrain disposal of the household goods.    The
bill was dismissed in the court below, and plaintiffs
appeal.    The questions presented are those of fact.

The transaction assailed occurred the evening be-
fore Mrs. Weaver's death, and two grounds are ad-
vanced as a basis of relief:   *First,* mental incompe-
tency of deceased;   *second,* want of delivery.

The mental incompetency is claimed to be due to

the advanced state of the disease of which she died, as we do not understand it to be claimed that prior to her fatal illness she was mentally incapacitated to transact business. From the medical testimony given upon the hearing it appears to be established that one afflicted with hyperæsthetic pneumonia has periods of consciousness and clearness of mentality, alternating with periods of delirium; that when the patients finally lapse into a state of coma they do not recover consciousness, but death results. The plaintiffs claim by the testimony produced by them of several who saw her during the day that Mrs. Weaver was unconscious and irrational most of the time, and we infer that it is their claim that the disease had so far progressed at the time the transaction took place in the evening that she had practically lapsed into a state of coma, or at least was mentally incapacitated to transact the business in hand. The testimony supporting this theory comes quite largely from interested witnesses, several of whom were incompetent under the statute, and practically all of whom had returned to their homes, and were not present when the transaction took place. On the other hand, it is insisted by the defendant, and he produces witnesses who were then present, some of whom are interested, but others of whom are not, who testify, that Mrs. Weaver, at the time of the transaction, was mentally competent to transact the business in hand; that she sent for her papers which were over at a neighbor's home, directed the procuring of a scrivener, and when he came instructed him as to what she wanted done and when the papers were prepared knowingly and intelligently executed them.

The case was heard in the court below before the judicature act took effect, and all testimony offered was received and is made a part of the record. It therefore becomes necessary for us to first determine

what testimony is competent under the statute (section 12856, 5 How. Stat. [2d Ed.], 3 Comp. Laws 1915, § 12553). The plaintiffs, by this proceeding, are attempting to set aside a deed from the deceased to defendant Charles Wright Luce. He is the grantee of the deceased and her assignee. Plaintiffs were therefore not competent witnesses to facts equally within the knowledge of the deceased. *Schuffert* v. *Grote*, 88 Mich. 650 (50 N. W. 657, 26 Am. St. Rep. 316); *Ripley* v. *Seligman*, 88 Mich. 177 (50 N. W. 143); *Lloyd* v. *Hollenback*, 98 Mich. 203 (57 N. W. 110); *Bailey* v. *Holden*, 113 Mich. 402 (71 N. W. 841); *Shepard* v. *Shepard*, 164 Mich. 183 (129 N. W. 201). Counsel for defendants concede that defendant Charles Wright Luce is prohibited by the statute from testifying to facts equally within the knowledge of deceased, and only examined him as to other matters. They claim, however, that plaintiffs, by their cross-examination, waived the statute, and some testimony was then given by him which would be prohibited by the statute. We do not find that plaintiffs went far enough in their examination of this witness to waive their objection. We accept counsel's concession, but do not follow their claim; we eliminate from our consideration the testimony of defendant Charles Wright Luce and that of the plaintiffs as to facts within the knowledge of deceased.

With the incompetent testimony eliminated, the case strongly preponderates in favor of defendants. It appears clearly, we think, that Mrs. Weaver had long entertained an intention to leave her property to defendant. She was under many obligations to him. He was the one who had looked after her wants for many years. She had lived in his family at times, paying a nominal sum for board. The property came to her from their mother. The relations between her and the nephews and their families were friendly, but

not close.  Some of them did not attend her funeral.
On the afternoon in question she asked that her deeds
and papers be brought from a neighbor's where they
were; the neighbor was away from home at the time,
but they were later procured.  When they were pro-
cured she sent for the scrivener, and upon his arrival
instructed him what she wanted done.  The deed was
prepared and executed, and the certificates of deposit
indorsed.  The testimony of the scrivener is somewhat
unsatisfactory, and his recollection does not appear
to be very distinct.  This is not surprising when we
learn that he has been drawing papers for many peo-
ple for 30 years, and his testimony was given some
considerable time after the transaction.  The recollec-
tion of others present at the time, however, is definite
and convincing, and satisfies us that the deceased had
not lapsed into a state of coma, nor was she in any
way mentally unbalanced or delirious.  Her acts and
conduct as proven were in every way rational.  She
knew where her papers were, what she wanted to do,
and did it.  We are satisfied that the transaction rep-
resents her intelligent act.  We cannot, in the face of
the testimony as to what she actually did, speculate
and indulge in conjectures as to the exact stage of
her fatal malady, or assume that it had progressed
sufficiently to render her incapacitated to do the things
the evidence shows she did do.

The deed and certificates of deposit were delivered
to the scrivener.  It is claimed by the plaintiffs that
it was understood that they should be returned to
Mrs. Weaver in case she recovered; that the delivery
did not constitute an unconditional delivery in escrow.
It is claimed by the defendant that the scrivener's
instructions were absolute to deliver to defendant
Charles Wright Luce at the death of the grantor, and
that there was nothing said about the papers being
returned to Mrs. Weaver in case she recovered.  Upon

this question the testimony of the scrivener is also unsatisfactory and uncertain. It is apparent that his recollection is not definite, and there is some force in counsel's contention that his testimony is open to either construction. The other witnesses present at the time of the transaction say nothing was said about the papers being returned in case Mrs. Weaver recovered, and that the delivery in escrow was unconditional. The trial court who saw the witnesses found with the defendants upon this as well as the other question. We are not inclined to disagree with his conclusions. While we are considering the case *de novo*, we cannot overlook the fact that the advantage of seeing the witnesses, noting their appearance, their manner, frankness, or want of frankness, was with the trial judge. The testimony in this record satisfies us that he correctly disposed of the case, and that the decree should be affirmed.

Defendants will recover costs.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.