## GRONDZIAK v. GRONDZIAK

1. DEEDS—UNDUE INFLUENCE—BURDEN OF PERSUASION.
   A member of a family who is in a fiduciary relationship with his parents and receives a deed to almost all of his parents' real property to the exclusion of other family members must establish his right to such property and demonstrate that he did not acquire it improperly.

2. SAME—UNDUE INFLUENCE—EVIDENCE—BURDEN OF PERSUASION.
   A presumption of undue influence arises when a family member in a confidential relationship with his parents is given a deed

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 23 Am Jur 2d, Deeds §§ 149, 154.
[3] 58 Am Jur, Witnesses §§ 214, 251, 263.
[4, 5] 58 Am Jur, Witnesses § 233.
[6] 58 Am Jur, Witnesses § 215.
[7] 58 Am Jur, Witnesses §§ 233, 263.
[8] 58 Am Jur, Witnesses §§ 214, 218.

to almost all of their real property to the exclusion of his brothers and sisters.

3. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —UNDUE INFLUENCE—PRESUMPTIONS—EVIDENCE.

Refusal under dead man's statute, barring testimony of parties as to matters equally within knowledge of deceased party, to allow defendant, presumed guilty of undue influence, to introduce testimony about circumstances surrounding the giving to him by his now deceased parents of a deed to property to rebut the presumption *held,* error (CLS 1961, § 600.2160).

4. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED— UNDUE INFLUENCE—EVIDENCE.

Dead man's statute, barring testimony of parties as to matters equally within knowledge of deceased party, is limited in its reason and spirit and by fair construction to contests in litigation between other persons and the deceased, or to actions to which the deceased would, if living, have been a necessary party but whose place has been taken by his heirs, devisees, and legatees; therefore, it is not applicable to will contests.

5. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED— UNDUE INFLUENCE—EVIDENCE.

Conveyance by deed of property constituting the bulk of the grantors' estate, which was viewed by the grantors as a substitute for a will, *held,* sufficiently akin to a will so that in a contest of the conveyance for undue influence the dead man's statute, barring the testimony of parties as to matters equally within the knowledge of deceased party, will not apply (CLS 1961, § 600.2160).

6. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED— PURPOSE.

The purpose of the dead man's statute, barring testimony of parties as to matters equally within the knowledge of deceased party, is to avoid the perpetration of fraud (CLS 1961, § 600.2160).

7. TRIAL—ADMISSION OF EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—UNDUE INFLUENCE.

The trial judge, in his discretion, may reject self-serving testimony of people presumed to have exercised undue influence when the matters testified about are equally within the knowledge of the deceased; therefore the ends of justice can best be served by permitting an impartial judge to hear all the

testimony, consider all the evidence, and from this evidence and reasonable inferences therefrom make a determination of whether or not there was undue influence (CLS 1968, § 600.2160).

8. WITNESSES—APPLICATION OF DEAD MAN'S STATUTE.

The dead man's statute, as amended in 1967, has application only to actions against the interest of the "dead man" and does not apply to actions instituted on behalf of a dead man's interest (PA 1961, No 236, § 2166, as added by PA 1967, No 263).

Appeal from St. Clair; Streeter (Halford I.), J. Submitted Division 2 April 4, 1967, at Detroit. (Docket No. 2,015.) Decided June 26, 1968. Leave to appeal granted October 8, 1968. See 381 Mich 781.

Complaint by Lawrence Grondziak, for himself and as special administrator of the estate of Anna Krzysiak, deceased, Albin Grondziak and Antoinette Rostkowski against Steve John Grondziak and Leona A. Grondziak to cancel a deed from the mother and stepfather of the parties to defendants. Judgment for plaintiffs. Defendants appeal. Reversed and remanded.

*Karbel, Eiges & Rothstein,* for plaintiffs.

*Edmund S. Lonczyk (Philip A. Gillis,* of counsel), for defendant.

T. G. KAVANAGH, P. J. This is an action by two brothers and a sister against another brother and his wife to cancel a deed from their mother and stepfather to defendants, on the ground, among others, that the execution of the deed was procured by undue influence.

The property conveyed by the deed, which reserved a joint and several life estate in the grantors, was a farm which was substantially the whole estate of the grantors.

The circuit court ruled that defendants had failed to disprove that they exercised undue influence in the execution of the deed and accordingly he entered a judgment setting aside the deed.

Appellant asserts the trial court erred in shifting the burden of proof from plaintiffs to defendants, maintaining that the correct rule does not "shift the burden" but simply obliges the defendant to "come forward with the evidence."

Whatever the correct label may be, whenever one member of a family is in a fiduciary relationship with his parents and he receives almost all of the parents' property, society looks to him to establish his right to it and to demonstrate that he did not acquire the property improperly.

Obviously the difficulty of establishing this varies greatly from one situation to another.

In the instant case the trial court, sitting without a jury, found as a fact that there was a confidential relationship, which finding is supported by the evidence. Consequently, a presumption of undue influence arose (See *In re Wood Estate* [1965], 374 Mich 278) and it was incumbent upon defendants to introduce evidence controverting such undue influence. In an attmept to do that, defendants sought to introduce testimony pertaining to the circumstances surrounding the execution of the deed, but the testimony was excluded by the court under CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160), colloquially known as the dead-man's statute. In this we hold the court was in error.

In *Brown* v. *Bell* (1885), 58 Mich 58, 61, the Court held that the dead-man's statute

"is limited in its reason and spirit by fair construction to contests on litigation upon claims between other persons and the deceased, existing prior to his death; to such suits and proceedings as the deceased would have been, if living, a necessary party to, and since which his heirs, devisees and legatees, personal representatives or assigns, are compelled to prosecute or defend for him in his place."

On this reasoning it has been repeatedly held that the 'opposite party' statute is not applicable to will contests. *In re Walter's Estate* (1921), 215 Mich 572, 574. The matter presently before us is not a will contest, but the property conveyed by the deed constituted the bulk of the grantors' estate. That the grantors viewed this transaction as a substitute for a will is indicated by the reservation of a life estate. In our view the situation in the case at bar is sufficiently akin to a will contest to bring it within the scope of the above-cited authority. It seems unfair indeed to say to the defendants, "You must present evidence to contradict the presence of undue influence in acquiring the property because you were a confidant of your parents," and in the next breath say, "You cannot relate the circumstances of the transaction whereby you acquired the property, however, because your parents' lips are sealed by death." To apply the dead man's statute in this circumstance is to enshrine a rule of evidence on the tomb of reason. After all, the purpose of the statute is to avoid the perpetration of fraud.

"If it had the effect of allowing the dead to speak accusing words from the grave while the living are prohibited from answering, it could work just as much injustice in reverse fashion as it was designed to cure." *Hudson* v. *Hudson* (1961), 363 Mich 23, 31,

This observation has application here where the plaintiff asserts fraud on the part of defendant and then seeks to seal the latter's lips with the statute.

In our view the ends of justice can best be served by permitting an impartial judge to hear all the testimony, to consider all the evidence, and from this and the reasonable inferences to be drawn therefrom to make a determination of the fact of undue influence. The trial judge, in his judicial discretion, may reject self-serving testimony of defendants as to matters equally within the knowledge of the deceased; and should he do so, in his findings of fact he should state his reasons for so doing.

Since this action was tried, the legislature has materially changed the dead-man's statute by the adoption of RJA 2166, PA 1961, No 236, § 2166, as added by PA 1967, No 263 (MCLA § 600.2166, Stat Ann 1968 Cum Supp § 27A.2166), and the repeal of PA 1961, No 236, § 2160 (CLS 1961, § 600.2160, Stat Ann 1962 Rev § 27A.2160). As we read the present statute it has application only to suits against the interest of a "dead man"—it does not apply to suits instituted on behalf of a dead man's interest. It is now only a shield instead of a sort of convertible shield-sword as formerly.

We regard this change in a rule of evidence as a procedural revision which was designed to permit the avoidance of the predicament into which defendant here was forced. (See first annual report of Michigan Law Revision Commission, 1966, pp 29 and 105.)

Reversed and remanded. Appellant may tax costs.

Levin and Vander Wal, JJ., concurred.