## GRONDZIAK v. GRONDZIAK.

1. DEEDS — UNDUE INFLUENCE — EVIDENCE — ADMISSIBILITY — DEAD MAN'S STATUTE.

   Testimony was properly excluded by the trial court under the dead man's statute in an action by other children to set aside a deed by their parents to one of their sons and his wife on the ground of undue influence exerted on the parents and that the property conveyed constituted substantially all of the parents' estate (MCLA § 600.2160).

2. APPEAL AND ERROR — EVIDENCE — ADMISSIBILITY — SEPARATE RECORD — COURT RULES.

   The Supreme Court is unable to appraise for evidentiary worth testimony which defendants complain the trial court refused to receive where the defendants failed to make a separate record of the testimony objected to (GCR 1963, 604).

3. DEEDS — UNDUE INFLUENCE — CONFIDENTIAL RELATIONSHIP — BURDEN OF PROOF.

   Cancellation of a deed from parents to one of their sons and his wife was proper where there was sufficient evidence to establish a confidential relationship between the grantees and the grantors at the time the deed was executed and grantees failed to sustain the burden of proving the fairness of the deed and to show that one of the grantors understood the significance of it.

Appeal from Court of Appeals, Division 2, T. G. Kavanagh, P. J., and Levin and Vander Wal, JJ., reversing St. Clair, Halford I. Streeter, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 214 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 558 *et seq.*
[3] 25 Am Jur 2d, Duress and Undue Influence § 43 *et seq.*

mitted March 10, 1970. (Calendar No. 1, Docket No. 52,107.) Decided June 1, 1970.

12 Mich App 61, reversed.

Complaint by Lawrence Grondziak, for himself and as special administrator of the estate of Anna Krzysiak, deceased, Albin Grondziak and Antoinette Rostkowski against Steve John Grondziak and Leona A. Grondziak to cancel a deed from the mother and stepfather of the parties to defendants. Judgment for plaintiffs. Reversed by Court of Appeals. Plaintiffs appeal. Reversed and judgment of trial court affirmed.

*Karbel, Eiges, Rothstein & Karbel,* for plaintiffs.

*Philip A. Gillis* and *Edward Lonczyk,* for defendants.

KELLY, J. The facts are not in dispute. Plaintiffs and defendant Steve John Grondziak were the children of Anna Krzysiak and her first husband. Five years after her widowhood, Anna married Jan Krzysiak. Various real estate transactions took place and finally a farm was purchased in St. Clair County, which is the subject of this action, title being taken as tenants by the entireties.

On August 23, 1958, the deed in question was executed by Jan and Anna Krzysiak to defendants, reserving unto themselves a life estate. This deed was witnessed, acknowledged, and recorded. Jan died five years later and Anna the following year.

During the lifetime of the grantors no one challenged the validity of the deed, and plaintiffs claim to have been unaware of the deed prior to their mother's death.

About a month after the mother's death, plaintiffs instituted this action, seeking to have the deed cancelled and an order entered that the property become part of the intestate estate of Anna Krzysiak, alleging grounds that undue influence was exerted upon Jan and Anna Krzysiak by defendants and that the property constituted substantially all of the estate of the grantors.

In its written opinion, the trial court found that the defendants had the burden of proving "the fairness of this deed and to show that the mother understood the significance of it"; that defendants had not sustained that burden, and entered a judgment cancelling, annulling and setting aside the warranty deed.

Defendants appealed to the Court of Appeals,[1] challenging the trial court's ruling on the burden of proof and the ruling excluding testimony under the dead man's statute.[2]

The Court of Appeals affirmed the trial judge's ruling on burden of proof, stating (p 64):

"Whatever the correct label may be, whenever one member of a family is in a fiduciary relationship with his parents and he receives almost all of the parents' property, society looks to him to establish his right to it and to demonstrate that he did not acquire the property improperly."

---

[1] *Grondziak* v. *Grondziak* (1968), 12 Mich App 61.

[2] Counsel for defendants on direct examination asked the following question of defendant Steve John Grondziak: "Now, you know that here in this case they have alleged that you and your wife used undue influence to get this deed transferred to you. Would you tell this court what the circumstances were and how this came about, how you got this deed?"

This question was objected to by plaintiffs' counsel on the ground that it called for testimony violative of CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160), the dead man's statute. The objection was sustained by the trial court. At no time did counsel for defendants make an offer of what he expected to prove by the witness' answer. Nor did he request leave to make a separate record of the excluded testimony.

In reversing the judgment and remanding the case for new trial because of the ruling excluding testimony under the dead man's statute, the Court of Appeals stated (pp 64, 65):

"In *Brown* v. *Bell* (1885), 58 Mich 58, 61, the Court held that the dead man's statute 'is limited in its reason and spirit by fair construction to contests on litigation upon claims between other persons and the deceased, existing prior to his death; to such suits and proceedings as the deceased would have been, if living, a necessary party to, and since which his heirs, devisees and legatees, personal representatives or assigns, are compelled to prosecute or defend for him in his place.'

"On this reasoning it has been repeatedly held that the 'opposite party' statute is not applicable to will contests. *In re Walter's Estate* (1921), 215 Mich 572, 574. The matter presently before us is not a will contest, but the property conveyed by the deed constituted the bulk of the grantors' estate. That the grantors viewed this transaction as a substitute for a will is indicated by the reservation of a life estate. In our view the situation in the case at bar is sufficiently akin to a will contest to bring it within the scope of the above-cited authority. It seems unfair indeed to say to the defendants, 'You must present evidence to contradict the presence of undue influence in acquiring the property because you were a confidant of your parents,' and in the next breath say, 'You cannot relate the circumstances of the transaction whereby you acquired the property, however, because your parents' lips are sealed by death.' To apply the dead man's statute in this circumstance is to enshrine a rule of evidence on the tomb of reason."

Plaintiffs claim that the Court of Appeals erred in concluding that reversible error was committed in excluding testimony and defendants' cross-appeal presents the question: "Was the evidence sufficient

to establish a confidential relationship between the defendants and the deceased grantors at the time the deed was executed?"

At the time of trial the pertinent portion of the statute applicable,[3] CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160), provided:

"(1) When an action or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which, if true must have been equally within the knowledge of such deceased person."

Under our decisions[4] the Court of Appeals misconstrued the application of the law to the facts and erred in holding the trial court improperly excluded the testimony, and in holding the testimony would be admissible because it would be admissible in a will contest case.

The failure to make a separate record of the testimony objected to was raised by plaintiffs in their brief filed with the Court of Appeals, but the Court of Appeals did not mention this issue in its opinion.

The pertinent portion of GCR 1963, 604, states:

"If any objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness, or by leave of court, may examine the witness in relation thereto."

---

[3] This section was repealed by PA 1967, No 263, and a new section (MCLA § 600.2166 [Stat Ann 1969 Cum Supp § 27A.2166]) enacted in its place. This new section was, in turn, amended by PA 1969, No 63, effective July 21, 1969.

[4] *Broffee* v. *Le Fils* (1914), 183 Mich 100, 104; *Luce* v. *Luce* (1917), 197 Mich 465, 468; *Camp* v. *Guaranty Trust Co.* (1933), 262 Mich 223, 224; *Mason* v. *Mason* (1941), 296 Mich 622, 625; and *Creller* v. *Baer* (1958), 354 Mich 408, 411.

We have repeatedly commented upon our inability to appraise for evidentiary worth that which defendants complain the trial court refused to receive when a record is presented as incomplete as that in the instant appeal.[5]

We agree with the finding of the trial court and the Court of Appeals that there was sufficient evidence to establish a confidential relationship between the defendants and the deceased grantors at the time the deed was executed.

The decision of the Court of Appeals is reversed and the judgment of the trial court affirmed. Costs to appellants.

T. E. BRENNAN, C. J., and DETHMERS, J., concurred with KELLY, J.

T. M. KAVANAGH and ADAMS, JJ., concurred in the result.

BLACK and T. G. KAVANAGH, JJ., did not sit in this case.

---

[5] *Serbinoff* v. *Dukas* (1957), 348 Mich 69, 74; *Bujalski* v. *Metzler Motor Sales Company* (1958), 353 Mich 493, 497–499; *Rueger* v. *Hamling* (1959), 355 Mich 489, 496, 497; *Cyranoski* v. *Keenan* (1961), 363 Mich 288, 292; and *Eglash* v. *Detroit Institute of Technology* (1965), 375 Mich 592, 597.